UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:21-CV-00034-BJB-LLK

ESTATE OF NAOMI PRESSMA                                               PLAINTIFF

v.

ITM TWENTYFIRST SERVICES, LLC, *et al.*                               DEFENDANTS

**OPINION & ORDER**

Judge Benjamin Beaton referred this matter to U.S. Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues.

This matter is currently before the Court on Defendant's Motion for Protective Order Staying Discovery by Defendant ITM TwentyFirst, LLC (hereinafter "ITM") [DN 46] and Defendant's Motion for Protective Order Staying Discovery by Defendant U.S. National Bank Association. [DN 48]. Plaintiff, the Estate of Naomi Pressma (hereinafter "Pressma"), filed an Omnibus Memorandum of Law in Opposition to these Motions in Response. [DN 53]. ITM subsequently filed a Reply to Plaintiff's Response. [DN 57]. U.S. Bank filed a Reply to Response to Pressma's Motion for Protective Order thereafter. [DN 56]. Having received the Plaintiff's and Defendant's briefings on the issues, the motion is now fully briefed and ripe for adjudication. For the reason set forth herein, both Defendants' Motions for Protective Order Staying Discovery, [DN 46; DN 48], are **GRANTED.**

**Procedural Background**

Pressma filed a complaint against ITM in U.S. District Court for the Western District of Kentucky on January 15, 2021. [DN 1]. That complaint alleged (1) recovery of insurance proceeds

1

due to lack of insurable interest, or in the alternative, (2) unjust enrichment. *Id.* Subsequently, ITM filed a Motion to Dismiss for Lack of Jurisdiction, which Pressma filed a Response to, and which ITM filed a Reply. [DN 9; DN 12; DN 13]. Pressma then filed several Notices of Service of Subpoenas. [DN 12; DN 15; DN 16; 17; DN 18; DN 19]. Subsequently, Pressma filed an Amended Complaint, adding U.S. National Bank as a co-defendant. [DN 27]. Later, after ITM had already filed its Motion to Stay Discovery, Pressma filed a Notice of Intent to Serve Subpoenas to Produce Documents. [DN 54]. Previously, Pressma served written discovery responses on both defendants. Both ITM and U.S. National Bank now come before the Court seeking to prevent discovery pending a determination on personal jurisdiction in the present case.

## Discussion

This Court has previously addressed a similar issue regarding a stay of discovery pending a motion to dismiss for lack of personal jurisdiction. *See Lani v. Schiller Kessler & Gomez*, PLLC, No. 3:16-CV-00819-GNS, 2017 WL 3092098 (W.D. Ky. Apr. 4, 2017). There, the Court held that a stay pending resolution of the Defendant's Motion to Dismiss was proper pursuant to the relevant law. *Id.* Because this Court finds the previous decision persuasive, the Court elects to follow the *Lani* Court's reasoning in concluding that the Defendant's Motion for Protective Order Staying Discovery is hereby **GRANTED.**

Generally speaking, trial courts within the Sixth Circuit have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Id.* (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1999)). This inquiry requires the Court to assess "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Id.* (quoting *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky.

2

Nov. 10, 2015)) (internal citation omitted). "Generally, 'the filing of a case dispositive motion is insufficient to warrant a stay of discovery.'" *Id.* (quoting *Brown v. Dawson Inc.*, No. 1:11-CV-820, 2012 WL 3600100, at *2 (S.D. Ohio Aug. 21, 2012). However, where claims may be dismissed based on legal determinations that could not have changed as the result of further discovery, the court may stay discovery. *Id.* (internal citation omitted). Further, where discovery would be futile were the pending motion to be granted (i.e., the pending motion would fully dismiss the claims brought), the Court may grant a stay of discovery pending resolution of the motion. *Id.* (internal citation omitted).

Here, the question posed is notably similar to that in *Lani*. *Lani*, No. 3:16-CV-00819-GNS, WL 3092098. Namely, whether the Court may stay discovery pending resolution of a dispositive motion. Both ITM and U.S. National Bank are currently awaiting a decision on their Motions to Dismiss for Lack of Personal Jurisdiction. [DN 9; DN 33]. In the meantime, both Defendants have filed Motions to Stay Discovery pending the Personal Jurisdiction Motion. [DN 46; DN 48]. Were either motion to be granted in full, the case would be disposed of entirely with regard to that party. This distinguishes both motions from ordinary, "garden-variety 12(b)(6) motion[s]", undeserving of a stay. *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (holding a stay should not ordinarily be granted to a party who has filed a garden-variety 12(b)(6) Motion.). Similarly, Pressma's Response to ITM's Motion to Dismiss for Lack of Personal Jurisdiction makes no mention of the need for more discovery in order to prove that this Court indeed has personal jurisdiction. [DN 12]. Therefore, given the procedural posture of the case, specifically that the Defendant's Motion to Dismiss is fully briefed, the Court fails to see how a stay in discovery will prejudice Pressma in any serious way. In the interest of both

3

economy and efficiency, the Court finds both Motions to Stay Discovery valid, pending resolution of both Motions to Dismiss.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED:** Defendants' Motions for Protective Order by Staying Discovery by Plaintiff, [DN 46; DN 48], are **GRANTED.**

**IT IS SO ORDERED.**

June 15, 2022

Lanny King, Magistrate Judge
United States District Court

c:	Counsel of Record

4