UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ESTATE OF NAOMI PRESSMA     Plaintiff

v.     Civil Action No. 3:21-cv-34-RGJ

ITM TWENTYFIRST SERVICES, LLC, *et al.*     Defendants

## MEMORANDUM OPINION & ORDER

Defendant ITM TwentyFirst Services, LLC ("ITM") moved for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). [DE 64]. Plaintiff Conrad Pressma in his capacity as Executor of the Estate of Naomi Pressma ("Plaintiff") did not respond, and the time for doing so has passed. For the reasons below, ITM's Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 64] is **GRANTED**.

### I. BACKGROUND

The Court included a detailed background of this case in its Order on the parties' motions to dismiss, which is incorporated by reference. [DE 61]. The Court dismissed claims against ITM and co-defendant U.S. Bank, N.A. ("U.S. Bank") for want of personal jurisdiction. [*Id.*]. John Doe, the unknown party, is the only remaining defendant. ITM has moved for entry of a final judgment with respect to Plaintiff's claims against it. [DE 64].

### II. DISCUSSION

ITM argues that the Court may enter a final judgment with respect to Plaintiff's claims against it to promote fairness, judicial economy, and avoid the possibility of duplicative litigation and inconsistent trial results. [*Id.* at 676]. "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The Sixth Circuit has held that a district court

1

may certify a judgment so long as the court: (1) 'direct[s] the entry of final judgment as to one or more but fewer than all the . . . parties,' and (2) 'expressly determines that there is no just reason for' delaying appellate review." *Burkeen v. A.R.E. Accessories, LLC*, No. 5:16-CV-17-GNS-LLK, 2017 WL 5076516, at *3 (W.D. Ky. Nov. 3, 2017) (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). Courts in the Sixth Circuit may rely on the following factors to determine whether there is no just reason for delay:

> (1) [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030.

Under the first prong of the Rule 54(b), the Court must determine whether multiple claims or parties exist. *See id.* The first factor is satisfied because Plaintiff asserted claims against ITM, U.S. Bank, and John Doe. The Court also dismissed Plaintiff's claims against ITM and U.S. Bank but did not resolve Plaintiff's claims against John Doe. [DE 61].

Under the second prong of Rule 54(b), the Court must determine that there is no just reason for delay. *See Burkeen*, 2017 WL 5076516, at *3. The first factor articulated by the Sixth Circuit weighs in favor of entering judgment for ITM. *See Gen. Acquisition*, 23 F.3d at 1030. Although Plaintiff asserted the same claims against all defendants, the Court's ruling on personal jurisdiction is easily severable from the merits of Plaintiff's claims. *See, e.g.*, *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) ("[T]he jurisdictional claims were easily severable from the merits of the lawsuit" and "allowing for immediate appeal would serve the efficient

2

administration of justice.").

The second, third, and fourth factors also weigh in favor of entering judgment with respect to the claims against ITM. *See Gen. Acquisition*, 23 F.3d at 1030. The same issues could not be reviewed twice by the district court or the court of appeals because the Court held that ITM was not subject to the Court's jurisdiction. [DE 61]. The question regarding personal jurisdiction could not be presented again on any subsequent appeals, which would eliminate any concern regarding "piecemeal appeals." *Core-Vent Corp.*, 11 F.3d at 1484. Moreover, there is no pending counterclaim that could "result in set-off against the judgment sought to be made final." *See Gen. Acquisition*, 23 F.3d at 1030. The final factor also weighs in favor of entering judgment. *See id*. Entering judgment will alleviate economic burdens on ITM and ensure the efficient use of judicial resources. *See, e.g.*, *Chamberlain v. Harnischfeger Corp.*, 516 F. Supp. 428, 430 (E.D. Pa. 1981). Finding no just reason for delay, ITM's Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 64] is **GRANTED**.

### III.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. ITM's Motion for Entry of Final Judgment Pursuant to Rule 54(b) [DE 64] is **GRANTED**.

2. The Court will enter separate judgment.